IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01966-BNB

JOHN L. CALVERT,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, John L. Calvert, is in the custody of the Federal Bureau of Prisons ("Bureau") at the Federal Correctional Institution in Englewood, Colorado. Mr. Calvert has filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 5). He has paid the $5.00 filing fee.

Mr. Calvert claims in the Amended Application that the Bureau is calculating his sentence incorrectly because he is receiving only 47 days of good time credit each year, instead of the 54 days that the Sentence Monitoring Good Time Data shows he has received. (ECF No. 5, at 2; *see also id.* at 6). Applicant asserts that he is entitled to 98 days of additional good time credits. (*Id.* at 3). He asks the Court to order the Bureau to correct his release date "to the actual 54 days per year the [Bureau] says I'm getting." (*Id.* at 5). It appears that Applicant has exhausted administrative remedies for his claim. (*Id.* at 7-8).

A federal inmate's challenge to the Bureau's calculation and award of good time credits implicates the execution of his sentence and arises under 28 U.S.C. § 2241.

*See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Kikumura v. Hood*, 467 F.3d 1257 (10th Cir. 2006).

The Court construes the Amended Application liberally because Mr. Calvert is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss this action.

18 U.S.C. § 3624(b)(1) states, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

In *Barber v. Thomas*, 560 U.S. 474 (2010), the Supreme Court concluded that the phrase "term of imprisonment of more than 1 year" "almost certainly refer[s] to the sentence imposed, not the time actually served." *Id.* at 483-84. When modified by the phrases "at the end of each year" and "during that year," however, the Court held that "term of imprisonment" "refers to prison time actually served rather than the sentence imposed by the judge." *Id.* at 482-85. Thus, to the extent Mr. Calvert contends that he is entitled to an award of good time credits based on the sentence imposed, his claim is foreclosed by *Barber*.

The Bureau's Sentence Monitoring Good Time Data for Mr. Calvert, dated July

2

10, 2014, shows that he has been awarded the maximum number of good time credits–54 days–for each year served.  (ECF No. 5, at 6). The Bureau has projected that Applicant will receive the maximum 54 days of additional good time credits for each full year remaining on his sentence.  (*Id.*).  For the last year or portion of Mr. Calvert's sentence (87 days), he may receive a maximum of 13 days good time credits.  (*Id.*). This calculation comports with § 3624(b)(1).  *See Barber*, 560 U.S. at 478-79 ("[T]o keep the award of credit in the last year proportional to awards in other years, the ratio of [the number of good time days divided by the number of days served] must be 54/365, the same ratio that the BOP applies to full years served. . . . The result is that if the prisoner serves 260 days, he can earn an additional 38 days of credit for good behavior.").  The *Barber* Court deferred to the Bureau's calculation system which, according to the Court, "reflects the most natural reading of the statute."  560 U.S. at 476, *see also* 477-79.

Mr. Calvert has failed to demonstrate that the Bureau is calculating the award of good time credits incorrectly.  Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by John L. Calvert, on July 28, 2014, is DENIED, and this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Calvert files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED September 29, 2014, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court